# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT MAURICE BOND,<br><br>                         Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                         Defendant. | Case No.:  24-cv-799-DMS-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE COMMISSIONER'S FINAL ORDER** |

      Pending before the Court is Plaintiff Dwight Bond's ("Plaintiff") complaint seeking judicial review of an Administrative Law Judge's ("ALJ") denial of his application for Disability Insurance Benefits ("DIB"). (Complaint, ECF No. 1). On December 9, 2024, the parties filed a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security. (Jt. Mot., ECF No. 11). Plaintiff seeks an order vacating the Commissioner's final decision and remanding for a *de novo* hearing, further development of the record, and a new decision. Defendant requests that the ALJ's decision be affirmed. The case was transferred from Magistrate Judge Valerie E. Torres to the undersigned on June 25, 2025. For the following reasons, the Court denies Plaintiff's motion.

# I.   BACKGROUND

On March 7, 2022, Plaintiff filed an application for DIB under Title II of the Social Security Act. (ECF No. 6-2, at 17). Plaintiff alleged disability from March 16, 2022, "due to degenerative atrophy of the lower back, posttraumatic stress disorder, sleep apnea, bilateral degenerative arthritis of the knees, tinnitus, and hypertension." (Motion, at 2). Social Security Administration ("SSA") ALJ Andrew Verne denied Plaintiff's application on October 19, 2023. (ECF No. 6-2, at 30). While the ALJ found Plaintiff suffered from "severe impairments of minimal scoliosis and degenerative disc disease of the lumbar spine, degenerative joint disease of the lumbar spine, and degenerative joint disease of the bilateral knees (left greater than right)," he did not find any of these impairments to "meet[] or medically equal[] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 22–25). The ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> lift or carry 50 pounds occasionally and 25 pounds frequently; sit for 6 hours total out of an 8-hour workday; stand or walk for 6 hours total out of an 8-hour workday; frequently climb ramps and stairs; frequently climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, crouch and crawl; frequently ambulate on uneven terrain; frequently drive vehicles.

(*Id.* at 23). Based on this RFC and review of the administrative record, the ALJ determined Plaintiff was "capable of performing past relevant work as a safety inspector[,]" and thus was not "under a disability as defined in [20 C.F.R. § 404.1520(f)], from March 16, 2022 through the date of [the ALJ's] decision [on October 19, 2023]." (*Id.* at 28–30).

Plaintiff timely filed for judicial review of the SSA's denial of disability benefits. (Complaint ¶ 2). On February 28, 2024, the SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision. (ECF No. 6-2, at 1–3). Plaintiff thereafter filed this Complaint on May 3, 2024.

# II.   LEGAL STANDARD

Upon timely petition for review of any final decision of the Commissioner of Social Security, a federal district court "shall have power to enter, upon the pleadings and

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision "should be upheld unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "'Substantial evidence' means more than a scintilla but less than a preponderance," *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

"The ALJ has a duty to conduct a full and fair hearing." *McLeod v. Astrue*, 940 F.3d 881, 885 (9th Cir. 2011). Although the district court may not substitute its discretion for the Commissioner's, the court nonetheless must review "the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id.* (quoting *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). "A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." *Id.*

### III.   DISCUSSION

The parties disagree whether the ALJ properly developed the record. (Jt. Mot., at 9). A claimant's RFC "is the most [he] can still do despite [his] limitations" and is determined by the ALJ after assessing all the relevant evidence. 20 C.F.R. § 404.1545(a)(1). Here, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of medium work. (ECF No. 6-2, at 23.) Plaintiff argues the ALJ's RFC

is "unsupported by substantial evidence . . . because . . . he failed to discharge his duty to fully develop the record." (Jt. Mot., at 10). Defendant contends the ALJ considered "all the relevant evidence in the record" and "included all supported limitations in the residual functional capacity finding." (*Id.* at 14, 16.) The Court agrees with Defendant.

On July 29, 2022, Juliane Tran, M.D., conducted a physical consultative examination on Plaintiff. Following examination, Plaintiff was assessed with: lumbar degenerative disc disease, back pain with possible radiculopathy, mild right carpal tunnel syndrome, and bilateral knee pain (right mainly) due to early degenerative joint disease. (*Id.*) Plaintiff also was assessed with the following functional limitations: lifting and carrying fifty pounds occasionally and 25 pounds frequently; standing and walking six hours in an eight-hour workday; limited to walking uneven terrain or ramps and stairs on a frequent basis; limited to scaffolding and climbing activities on a frequent bases; frequent postural activities; frequent driving activities; and frequent right wrist movement. (*Id.*) The ALJ assessed Dr. Tran's opinion as "largely persuasive" and reasoned that the Doctor's "exertional, postural and environmental limits are supported by the objective findings on her exam and those by treating sources." (*Id.*, citing AR 26.)

However, Plaintiff argues the ALJ's analysis failed to consider that Plaintiff's "course of treatment and physical condition changed significantly shortly after" Dr. Tran's examination on July 29, 2022, thus rendering the ALJ's reliance on Dr. Tran's opinion improper as it was "stale." (*Id.* at 10-11.) Specifically, Plaintiff points out that on September 20, 2022, approximately two months after Dr. Tran's examination, Plaintiff presented for medical treatment and was assessed with lower back pain, "chronic with flares," by Tuan Dang, M.D. (*Id.*, citing AR 567-569 (noting "not taking any medications. Interested in seeing PT.")) Following that examination, Plaintiff was referred to physical therapy and prescribed a walking cane. (*Id.*, citing AR 568.)

On November 16, 2022, Plaintiff presented to Marie H. Crouse, PT, DPT, for physical therapy consultation. There, Plaintiff was noted to display right lateral trunk lean with heavy reliance on his cane. (*Id.*, citing AR 462.) Following the examination, Plaintiff

was prescribed a TENS unit and physical therapy treatment, including four to eight visits. (*Id.*)

Plaintiff argues that the "escalation in care following Dr. Tran's assessment—namely, the prescription of a cane, TENS unit, and physical therapy—as well as his worsened physical condition created an ambiguity in the record and required further development" of the record with an "updated consultative examination or other medical opinion." (*Id.*) Plaintiff argues the "mere assertion that an ALJ's RFC aligns with a doctor's [dated] notation is not enough to satisfy the ALJ's duty to support his analysis with substantial evidence." (*Id.* at 12.) Here, according to Plaintiff, the ALJ committed legal error by substituting his own medical opinion and independent assessment of clinical findings to determine the RFC.

"An RFC is … based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony." *Howell v. Kijakazi*, No. 20-cv-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022) (citing 20 C.F.R. § 404.1545(a)(1)-(3)). While the ALJ is responsible for assessing a plaintiff's RFC, "[b]arring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Id.* (quoting *Duarte v. Saul*, No. 2:19-cv-01019 AC, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020)). "In formulating an RFC, an ALJ cannot interpret raw medical data." *Id.* (citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (noting the ALJ was not qualified as a medical expert)). An ALJ cannot "substitute his own interpretations of medical records and data for medical opinions" when determining a claimant's RFC. *Mack v. Saul*, No. 18-cv-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020).

Here, the record does not reveal the ALJ committed error. In determining Plaintiff's RFC, the ALJ relied on the medical opinions and findings of Dr. Tran's July 29, 2022 examination; the August 15, 2022 opinion of T. Dupont, M.D. (reaching similar conclusions to Dr. Tran that Plaintiff has the residual functional capacity to "lift or carry 50 pounds occasionally and 25 pounds frequently; sit for 6 hours total out of an -hour work

day; stand or walk for 6 hours total out of an 8-hour workday; frequently climb ramps and stairs; frequently climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, crouch and crawl[.]"); and, more than three months after Dr. Tran's examination, the November 5, 2022 RFC opinion of Charles Lee, M.D., which mirrored Dr. Dupont's opinion. (ECF No. 6-2, at 26–27). The ALJ found the opinions of Drs. Dupont and Lee to be "largely persuasive."

Further, the ALJ noted that Plaintiff "ha[d] been treated with physical therapy since November 2022" and noted he "ambulate[s] with a cane," has "20 percent limitation of flexion of the lumbar spine due to pain," but "the other range of motion were normal," and he "was not taking any medication." (ECF No. 6-2, at 24). The ALJ also referenced January 15, 2023 treatment notes indicating Plaintiff "was not taking any medication" and the "exam at that time showed no abnormalities." (*Id.*) Finally, the ALJ cited physical therapy progress notes from April 18, 2023, indicating Plaintiff's "gait . . . was normal" and he was not being treated with "injections, or other treatment modalities[,] . . . [or] any medications for back pain." (*Id.*)

An "ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The ALJ fulfilled those duties here by considering the pertinent medical evidence, including evaluative evidence after Dr. Tran's examination and noting Drs. Dupont and Lee's opinions, treatment notes, and physical therapy progress notes, all of which provided substantial evidence to allow the ALJ to evaluate the disability claim. The "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record was neither ambiguous nor inadequate.

## IV. CONCLUSION

For the reasons discussed, the Court finds the ALJ applied the correct legal standards and supported his decision with substantial evidence. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

Dated: August 13, 2025

Hon. Dana M. Sabraw
United States District Judge